UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH M. HUIZENGA,

    Plaintiff,

v.                                                    Case No. 1:14-cv-1115
                                          Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                 /

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born in 1963. PageID.195. He completed high school and had previous employment as an operator/die setter at a steel stamping shop. PageID.200. Plaintiff alleged a disability onset date of June 10, 2008. PageID.195. Plaintiff identified his disabling conditions as hip disease, depression, history of heart attack in 2008, "heart flutters and problems with heart," brain aneurysm, back problems, muscle problems in neck and back, high blood pressure, "glaucoma suspect," hypoglycemia and high cholesterol. PageID.199. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on April 5, 2013. PageID.34-46. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

3

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 10, 2008, and that he met the insured status requirements of the Act through December 31, 2012. PageID.36. At the second step, the ALJ found that plaintiff had severe impairments of coronary artery disease status-post myocardial infarction with stenting, asthma, lumbar/hip impairment, history of cerebrovascular accident, and cervical spondylosis. *Id.* At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.39.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to lifting and carrying up to 20 pounds occasionally and 10 pounds frequently. Additionally, the claimant can stand and walk for a total of 6 hours, and sit for 6 hours, in an 8-hour workday. Furthermore, the claimant can frequently climb, balance, and kneel, but can only occasionally crouch, crawl, and stoop. Additionally, the claimant can have no concentrated exposure to temperature extremes or vibration, and no exposure to hazards including unprotected heights and dangerous moving machinery. Furthermore, the claimant should have no concentrated exposure to fumes, odors, dusts, gases, or areas of poor ventilation. Additionally, the claimant can do only occasional overhead reaching with the upper extremities bilaterally. Finally, the claimant is best suited for performing only simple, unskilled work.

PageID.39-40. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.44.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy. PageID.45-46. Specifically, plaintiff could perform the following light, unskilled jobs in Michigan: assembler (14,000 jobs); packager (6,300 jobs); and machine tender (7,800 jobs). PageID.46. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from June 10, 2008 (the alleged onset date) through April 5, 2013 (the date of the decision). PageID.46.

### III. ANALYSIS

Plaintiff did not set forth a statement of errors as directed by the Court. *See* Notice (docket no. 8). While plaintiff's brief included a section entitled "Statement of Errors," that portion of the brief set forth portions of the medical record. PageID.626-627. Plaintiff's brief did include the following assertion: "the Administrative Law Judge found that he suffered from 1) Lumbar / Hip impairment and 2) Cervical spondylosis; however, the Administrative Law Judge vastly minimized the extent and degree of his orthopedic diagnoses and impairments." PageID.626. Plaintiff set forth a number of legal conclusions and citations in a section entitled "Law and Argument." PageID.627-628. Completely missing from plaintiff's brief, however, is any articulation, either directly or implicitly, as to how the facts and findings in this matter apply to the cited authority or how such supports plaintiff's request for relief. For example, while plaintiff cites to case law regarding the test for evaluating subjective complaints of pain, he fails to advance any argument that the ALJ failed to apply that test or properly evaluate the medical evidence in this matter.

In response to plaintiff's initial brief, defendant recognized the deficiencies and argued that "[p]laintiff's brief reflects no reasoned attempt to apply the bare legal principles he cites to the particular facts of his case." PageID.635. Defendant's memorandum in support of the

5

Commissioner's decision is clearly articulated and supported by relevant legal authority. Nevertheless, plaintiff declined to file a reply brief to respond to defendant's argument or otherwise clarify or further develop any potential argument in his initial brief. The Court is reluctant to find that a claimant has failed to properly develop any argument in support of relief. However, in this case, plaintiff has simply failed to present or develop any argument or theory which would entitle him to relief. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

### IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.


Dated: March 16, 2016                              /s/ Ray Kent
                                                    Ray Kent
                                                    United States Magistrate Judge